# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **CARLOS LOPEZ-SOTO,** <br><br> Defendant. | Crim. No. 14-415/14-637(DRD) |

## ORDER

Defendant Carlos Lopez-Soto filed a *Motion for Recusal* of the undersigned as well as recusal of United States Attorneys Victor Acevedo-Hernandez and Kelly Zenon-Matos (Docket No. 499). Defendant posits the Court denied a prior motion wherein Defendant moved to recuse the aforementioned prosecutors on grounds that the government made knowing use of materially false testimony at trial. Because the Court denied this motion, as well as numerous pretrial motions filed by Defendant, Defendant understands the Court has shown bias against him and should recuse itself.

The First Circuit has held that a judge must be disqualified, or recuse him or herself, when the facts alleged against him "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *In re Boston's Children First,* 244 F.3d 164, 167 (1st Cir.2001) (quoting *In re United States,* 666 F.2d 690, 695 (1st Cir.1998)). The First Circuit has also held that "doubts ordinarily ought to be resolved in favor of recusal." *In re United States,* 441 F.3d 44, 56–57 (1st Cir.2006). In the instant case, Defendant is a pro se litigant with no prior legal experience. As a result, the Court's denial of several pretrial and post-trial motions have prompted the conclusion that the Court is biased against him. However, Defendant's motion is a mere expression of frustration from a "disgruntled party [seeking] to remove a judge whose rulings the party dislikes." *Id* at 67.

1

The analysis then turns on whether "an objective, reasonable member of the public, **fully informed of all the relevant facts**, would fairly question the trial judge's impartiality." *Id.* at 56-57 (emphasis ours). Although the reasonable appearance of partiality requires the judge to recuse himself, **"[t]his does not mean that required recusal can be based on an unsupported, irrational, or highly tenuous speculation**.'" *In re Martinez–Catala,* 129 F.3d 213, 220 (emphasis ours). Defendant's arguments regarding materially false testimony misstate the reality of trial. Defendant's allegations would never lead an objective, reasonable person, when appraised of all the facts, to question the Court's impartiality. Instead, Defendant's arguments reflect a misunderstanding of the law.

The Court concedes that Defendant was able to impeach trial witness Roberto Garcia-Santiago on several small contradictions between the witnesses' grand jury testimony and his trial testimony. However, likening impeachment to a concerted effort between the Court and the United States' attorneys to bring forth false claims against Defendant is a ludicrous proposition. Defendant's arguments are particularly confusing in light of the fact that videos, still photographs, and fact witnesses present at the robberies corroborated Roberto Garcia-Santiago's testimony against Defendant.

Finally, it is worth noting that friction with a litigant is rarely grounds for recusal. Although no heated incidents are alleged by Defendant, it is not sufficient that the presiding judge make critical remarks or comments directed at a party or his attorney, or that there were other indications of animosity or friction. *See King v. First American Investigations, Inc.*, 287 F.3d 91, 96 (2d Cir. 2002), cert. denied, 537 U.S. 960, 123 S. Ct. 393, 154 L. Ed. 2d 314 (2002)(Plaintiff's assertions that judge accused him of abusing the judicial process, referred to plaintiff as paranoid, accused plaintiff of "pulling a stunt" in attempting to make a showing at trial, favored defendants because two of them were of the same ethnicity as he, and other allegations did not require recusal.)(emphasis ours); *see also Mitchell v. Kirk*, 20 F.3d 936 (8th Cir. 1994)(District judge's heated exchanges with, and admonishments of, pro se inmate in front of jury did not establish judicial bias, advocacy, or partiality, but rather were attempts to maintain control over proceedings and to preserve courtroom

decorum; judge never commented on merits of inmate's case, and only remarked on inmate's presentation of his case and his courtroom antics)(emphasis ours).

The Court finds Defendant Carlos Lopez-Soto's *Motion for Recusal* fails to lead a reasonable person to question the Court's impartiality. The issues raised by Defendant as to the Court's rulings raised by Defendant are matters that are best argued in a direct appeal as "judicial **rulings alone almost never constitute a valid basis for bias or partiality** . . . the rulings are 'proper grounds for appeal not recusal.'". *Liteky v. United States*, 510 U.S. 540, 555 (1994)(emphasis ours). Alternatively, the ethical charges brought against the United States' attorneys by Defendant must be accompanied with evidence beyond transcripts of instances where Defendant impeached a witness. The Court would certainly indulge arguments of ethical violations were they to be supported by credible. Accordingly, Defendant's *Motion for Recusal* (Docket No. 499) is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of May, 2017.

/s/ Daniel R. Dominguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE